# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:04-cr-94-DBH |
| | ) | |
| ROBERT MARION, | ) | |
| Defendant | ) | |

## ORDER ON MOTION TO REDUCE SENTENCE

The defendant Robert Marion has moved for a reduction of sentence on account of the new, retroactive, more lenient crack cocaine Guideline. Def. Mot. for Reduction of Sentence (Docket Item 52). Because the new Guideline does not affect Marion's sentence, the motion is **Denied**.

Marion was sentenced as a career offender, not on the basis of crack cocaine quantities. As I stated in finding the previous crack cocaine Guideline amendment not applicable to Marion:

> The sentence in this case was not based upon the quantity of crack cocaine, but upon the career offender guideline. I departed downward one Criminal History level from that guideline because I found the defendant's Criminal History to be overrepresented, but I did not depart to a crack cocaine guideline. Thus, the recent First Circuit case, United States v. Cardosa, 2010 WL 2136664 (1st Cir. May 28, 2010), does not apply.
> Therefore, 18 U.S.C. § 3582(c)(2) is not available to the defendant to seek a reduction of his sentence.

Order of June 1, 2010 (Docket Item 49).

That same reasoning applies here for the most recent crack cocaine quantity calculation amendment.

The motion to reduce sentence is therefore **DENIED**.[1]

**SO ORDERED.**

**DATED THIS 4TH DAY OF NOVEMBER, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] I note that the defendant Marion has had one of his predicate convictions vacated. But he still has the necessary two predicate convictions remaining that continue to make him a career offender. See 2:08cv60-DBH, Recommended Dec. at 15 (Docket Item 24), Order Adopting Rpt. & Recommended Dec. (Docket Item 27), and Mandate of USCA for the 1st Cir. (Docket Item 40).